IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PAMELA KEYSER**,

    Plaintiff,

  v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

    Defendant.

Case No. 6:13-cv-2031-SB

**ORDER**

**Michael H. Simon, District Judge.**

      On March 23, 2015, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. Dkt. 21. Before the Court is Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 23.

      The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying

PAGE 1 – ORDER

litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social-security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $9,035.83. Defendant does not challenge the applicability of the EAJA statute and does not object to Plaintiff's request for attorney's fees. Dkt. 24. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Therefore, Plaintiff's application for attorney's fees (Dkt. 23), is GRANTED. Plaintiff is awarded $9,035.83 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Accordingly, Defendant shall mail to Plaintiff's attorney the awarded EAJA fees, expenses, and costs, after deducting any applicable offset. Because Plaintiff's attorney has attested to the fact that Plaintiff executed an assignment of EAJA fees to her counsel (Dkt. 23), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject

to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER